UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                    Case No. 8:11-bk-17814-MGW
                                                                          Chapter 7
Roger Morgan Reinhardt,

    Debtor.
_____/

Susan Reinhardt,

    Plaintiff,                                                  Adv. No. 8:11-ap-01388-MGW

vs.

Roger Morgan Reinhardt,

    Defendant.
_____/

**MEMORANDUM OPINION ON**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Sections 523(a)(5) and (15) of the Bankruptcy Code except from discharge domestic support obligations and other obligations owed to spouses, former spouses, and children of a debtor that arise pursuant to a divorce or separation settlement agreement.[1] While these exceptions to discharge are absolute when they are applicable, they are nevertheless limited in scope to protect only those creditors who are spouses, former spouses, and children of a debtor.[2] In the present case, the former wife seeks to except

---

[1] 11 U.S.C. §§ 523(a)(5), (15).

[2] *Id.*

from discharge certain obligations that are owed directly to her and the couple's children, including an obligation to indemnify and hold harmless the former wife on several obligations owing to joint creditors pursuant to a court-approved Marital Settlement Agreement ("MSA").  Additionally, the former wife seeks a declaration that the underlying obligations owed to joint creditors are themselves nondischargeable. While sections 523(a)(5) and (15) clearly except from discharge obligations owed to the former wife and the children -- including the indemnification obligation -- the Debtor's direct liability to the  joint creditors is not excepted from discharge.

*Factual Background*

The parties to this case are former spouses who received a divorce prior to the Debtor's filing for bankruptcy.[3] Concurrent with their divorce, the parties entered into a MSA, which provides for a division of various marital assets and liabilities as well as imposing certain support obligations on the Debtor.[4]  The support obligations imposed under the  MSA require the Debtor to (a) make monthly child support payments to the former wife in the amount of $1,162.22; (b) pay $6,073.32 in arrearages at a rate of $100 per month for previous child support owed; (c) obtain a $880,000 life insurance policy naming the parties' two minor children as beneficiaries; (d) provide supplemental dental insurance for the two minor children; (e) pay 50% of all "Noncovered Health Care Expenses"; and (f) pay 50% of all "Post-Secondary Education Expenses."[5]

---

[3] Adv. Doc. No. 1 at ¶ 5.

[4] Adv. Doc. No. 1, Ex. B.

[5] The Complaint alleges that the Debtor owes $600 in past-due child support and $450 in current medical bills and other liabilities related to the minor children.   See Adv. Doc. No. 1 at ¶ 9.

Additionally, the Debtor is required to make minimum monthly payments to the second mortgage holder of the marital home until such time that the home is sold. Lastly, the MSA requires the Debtor to make minimum monthly payments on a prior existing line of credit. Should the Debtor neglect to pay any of these obligations, the MSA requires him to indemnify the former wife for her damages arising from Debtor's failure to perform.[6]

At the hearing on the Plaintiff's Motion for Summary Judgment,[7] both parties agreed that all obligations arising under the MSA and due to the former wife and the parties' minor children are not dischargeable. As such, the sole issue considered at the hearing was whether the obligations arising under the MSA give third-party creditors, in this case Green Tree Financial Corporation and GTE Federal Credit Union, the ability to assert a non-dischargeable right to collect the debts from the Debtor.

*Discussion*

Sections 523(a)(5) and (15) of the Bankruptcy Code[8] govern the determination of the dischargeability of domestic support obligations and marital settlement agreements. Under section 523(a)(5), domestic support obligations are not dischargeable.[9] Similarly, section 523(a)(15) excepts from discharge any other debt owed to a spouse, former

---

[6] *Id.*

[7] Adv. Doc. No. 10.

[8] 11 U.S.C. §§ 523(a)(5), (15). Following the BAPCPA amendments to the Bankruptcy Code in 2005, the dischargeability analysis is the same under sections 523(a)(5) and (15). *See In re Golio*, 393 B.R. 56, 61-62 (Bankr. E.D.N.Y. 2008).

[9] 11 U.S.C. § 523(a)(5).

spouse, or child of the Debtor arising in the course of a divorce or separation agreement that does not otherwise fall within the definition of a domestic support obligation.[10]

Under the plain language of sections 523(a)(5) and (15), it is clear that none of the obligations owed to the former wife under the MSA are dischargeable. Included among these non-dischargeable obligations is the Debtor's obligation to indemnify and hold harmless the former wife with respect to certain joint debts incurred during the marriage. Less clear is the issue of whether the direct obligation of the Debtor to pay the third-party creditor is also nondischargeable. If such obligations are not dischargeable, then the third-party creditor could pursue the Debtor directly if he fails to pay. If such obligations are dischargeable, then the former wife's recourse if the Debtor fails to pay is to enforce the non-dischargeable indemnity obligation in state court.

In concluding that the underlying debts to the third-party creditors are dischargeable, the Court needs to look no further than the plain language of the statute. Sections 523(a)(5) and (15) except from discharge only those obligations owed "to a spouse, former spouse, or child of the debtor." This statutory language is clear and unambiguous. The only direct beneficiaries to this exception are a spouse, former spouse, or child of the debtor.[11] In fact, if the Court were to find that the debts for which the indemnity agreement was given to the former wife were also excepted from discharge, the potential consequences in the present case could be inequitable. For example, if the former wife were to file bankruptcy in the future, the indemnified debts would be

---

[10] 11 U.S.C. § 523(a)(15).

[11] A governmental unit collecting a domestic support obligation on behalf of the spouse, former spouse, or child also receives the indirect benefit of this exception. 11 U.S.C. § 101(14A).

discharged in her case. However, the Debtor would continue to be liable for the debts because of the finding of nondischargeability in this case.

In support of her argument for a contrary interpretation of sections 523(a)(5) and (15), the former wife has cited *In re Ginzl*.[12] In *Ginzl*, the Debtor was obligated to assume and pay three mortgages pursuant to a marital settlement agreement with his former spouse.[13] There, the court ruled that the Debtor's obligation to assume and pay the various mortgages was nondischargeable pursuant to section 523(a)(15).[14] As an initial matter, however, it is unclear as to whom the mortgage obligations were deemed nondischargeable.[15] Furthering this ambiguity, there appears to be no analysis as to whether the mortgage holders held any direct recourse against the debtor, and that specific issue does not appear to have been litigated. As such, the present opinion is consistent with *Ginzl* to the extent that court merely held that the obligation owed to the former spouse would not be discharged.

However, this Court disagrees with the *Ginzl* opinion to the extent that the case stands for the proposition that an indemnity agreement creates a non-dischargeable debt in favor of a third-party creditor. Such an interpretation would be contrary to the plain language of the statute and would potentially lead to inequitable results.

---

[12] 430 B.R. 702 (Bankr. M.D. Fla. 2010)

[13] *Ginzl*, 430 B.R. at 704.

[14] *Id.* at 706.

[15] *Id.*

*Conclusion*

The Debtor's obligation to indemnify the wife with respect to certain third-party marital debts is nondischargeable. However the actual obligations owed to these third-party creditors by the Debtor is dischargeable.

A separate order will be entered granting the Plaintiff's Motion for Summary Judgment consistent with this Memorandum Opinion.

**DATED** in Chambers at Tampa, Florida, on _____October 01, 2012_____.

_____
Michael G. Williamson
United States Bankruptcy Judge

**Herbert R. Donica, Esq.**
**Donica Law Firm, PA**
*Attorney for Plaintiff*

**Scott T. Orsini, Esq.**
**The Orsini & Rose Law Firm**
*Attorney for Defendant*